**GARDY & NOTIS, LLP**
Mark C. Gardy
Jennifer Sarnelli
Orin Kurtz (admitted *pro hac vice*)
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ 07632
Tel: (201) 567-7377
Fax: (201) 567-7337

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

***ELECTRONICALLY FILED***

| | |
|---|---|
| CAROL PARKER, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PARADE ENTERPRISES, LLC, | No. 3:14-CV-08084-MAS-DEA |

## PLAINTIFF'S MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR DEFAULT JUDGMENT

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................ ii

INTRODUCTION ........................................................................................... 1

    I.      FACTUAL BACKGROUND ............................................................. 2

    II.     ARGUMENT ..................................................................................... 4

          A.  Judgment Should Be Entered Against Defendant .............................. 4

              1.  Defendant Has Not Answered the Complaint And The Clerk Has Entered Default ........................................................... 4

              2.  The Complaint Establishes a Legitimate Cause of Action .......... 5

          B.  Plaintiff Is Entitled to Damages ...................................................... 7

CONCLUSION ............................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                 **<u>Page(s)</u>**

*City Select Auto Sales, Inc. v. David/Radall Associates, Inc.*,
    No. CIV.A. 11-2658 JBS, 2015 WL 4507995 (D.N.J. July 23, 2015) .................7

*Galarza v. Lydian Private Bank*,
    No. CIV.A. 12-2729 MAS, 2015 WL 2131084 (D.N.J. May 6, 2015) ................4

*Galicia v. 63-68 Diner Corp.*,
    No. 13-CV-03689 PKC, 2015 WL 1469279 (E.D.N.Y. Mar. 30, 2015) ..............7

*Gunawan v. Sake Sushi Rest.*,
    897 F. Supp. 2d 76, 91 (E.D.N.Y. 2011) ................................................................9

*In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*,
    No. CIV. 07-1687, 2012 WL 2952364 (W.D. Pa. July 19, 2012) ......................5

*Inclan v. N.Y. Hosp. Grp., Inc.*,
    95 F. Supp. 3d 490 (S.D.N.Y. 2015) ....................................................................9

*Sander v. Light Action, Inc.*,
    525 F. App'x 147 (3d Cir. 2013) ..........................................................................6

*Tackie v. Keff Enterprises LLC*,
    No. 14-CV-2074 JPO, 2014 WL 4626229 (S.D.N.Y. Sept. 16, 2014) .................7

**<u>Statutes</u>**

29 C.F.R. § 541.100(a).............................................................................................5

29 C.F.R. § 541.602(a).............................................................................................6

29 C.F.R. § 778.113 .................................................................................................8

29 U.S.C. § 207(a)(1)...............................................................................................8

29 U.S.C. § 216(b) ...............................................................................................9, 10

29 U.S.C § 260 .................................................................................................9

F.L.S.A, 29 U.S.C. §201 ............................................................................ passim

N.J. Stat. Ann. §34:11-56a.......................................................................... passim

## **Rules**

Fed. R. Civ. P. 23 ............................................................................................1

Fed. R. Civ. P. 55(b)(1).....................................................................................8

L. Civ. R. 54.2....................................................................................................10

Plaintiff Carol Parker ("Plaintiff") submits this memorandum of law in support of her motion for a default judgment against Defendant Parade Enterprises, LLC ("Defendant" or "Parade").

## INTRODUCTION

This case was brought as a collective action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (the "FLSA"), and a class action under the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a, *et seq.* (the "NJWHL") against Parade for misclassification of employees with the title of Assistant Manager (the "ASMs" or the "Class") as exempt from overtime pay and the consequent failure to pay the ASMs at time and one-half their hourly rate for hours worked over 40 in a workweek.

Despite being served with an initial complaint, an amended complaint, and a Request for Entry of Default, Parade has not answered or otherwise responded to Plaintiff's amended complaint (the "Complaint"). The Clerk of the Court has entered a default against Parade. November 9, 2015 Docket Entry. Accordingly, the Court should enter default against Defendant in favor of Plaintiff.[1]

---

[1] Plaintiff has elected to pursue this default judgment solely on her own behalf, rather than as a class or collective action, due to lack of access to identities and contact information for FLSA opt-in plaintiffs and information concerning damages of Rule 23 class members.

## I. <u>FACTUAL BACKGROUND</u>

Defendant Parade Enterprises owns 45 Burger King franchise restaurants in the State of New Jersey.  ¶8[2].  At each restaurant, Parade employs two ASMs. Declaration of Carol Parker ("Parker Dec.") ¶5.

For approximately one year, Plaintiff was employed by Parade as an ASM, was misclassified as an exempt employee, and was not paid at time and one-half her regular hourly rate for hours worked over 40 in a work week.  ¶17; Parker Dec. ¶2.  Plaintiff worked at Parade's Lakehurst, New Jersey Burger King, which was Restaurant No. 5154.  Parker Decl. ¶4.

Parade misclassified Plaintiff as exempt from the FLSA and the NJWHL's overtime requirements, apparently on the grounds that Plaintiff was a manager and thus subject to the "executive" exemption under both the FLSA and the NJWHL. ¶18.

Throughout Plaintiff's employment as an ASM, Parade required Plaintiff to work 50 hours per week.  Plaintiff was purportedly salaried at approximately $557 per week ($29,000 per year).  Plaintiff was not paid at one and a half times her regular hourly rate for hours worked over 40 in a work week.  Parker Dec. ¶6.

In order to be an exempted "executive" under the FLSA and the NJWHL, an employee must (1) be paid on a "salary basis" at a rate of $455 per week or more;

---

[2]      Citations to "¶_" refer to the Amended Complaint, filed on June 23, 2015.

(2) the employee's primary duty must be management; (3) the employee must customarily direct the work of at least two or more other full-time employees; and (4) the employee must have the authority to hire or fire other employees, or the employee's suggestions and recommendations as to hiring, firing, advancement, promotion or any other change of status of other employees must be given particular weight.  ¶19.

Plaintiff and the ASMs do not meet the test for the executive exemption. First, the ASMs are not paid on a salary basis.  Pursuant to a uniform policy applied to all ASMs, Parade deducts pay for partial missed days and for full missed days, including but not limited to sick days.  Parade also deducts from the ASMs' pay to cover shortages in the cash register at the end of a shift.

Plaintiff's pay was docked on many occasions for days that she reported for work.  For instance, on many days, Plaintiff's restaurant closed early due to severe weather such as snow storms.  Plaintiff's pay was reduced for those days as a result of closing early (which closing was done at the direction of upper management). Plaintiff's weekly pay also was docked for shortages in the cash register and decreases in the restaurant's revenue.  Parker Dec. ¶¶7, 13.

Plaintiff also did not have the authority to hire or fire, and her suggestions and recommendations concerning same were not given any weight.  Plaintiff, on

3

one occasion, attempted to fire an employee; that employee was reinstated without any input from Plaintiff.  ¶21; Parker Dec. ¶11.

## II. <u>ARGUMENT</u>

### A.    Judgment Should Be Entered Against Defendant

"Rule 55 of the Federal Rules of Civil Procedure allows for the entry of default judgment against a party who has failed to plead or otherwise defend claims asserted against it. Default judgment is left primarily to the discretion of the district court." *Galarza v. Lydian Private Bank*, No. CIV.A. 12-2729 MAS, 2015 WL 2131084, at *2 (D.N.J. May 6, 2015) (citation and quotation marks omitted). "Before a Court can award default judgment it must consider whether the moving party's complaint establishes a legitimate cause of action." *Id.* (citation and quotation marks omitted).  "A consequence to the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Id.* (citation and quotation marks omitted).

### 1.  Defendant Has Not Answered the Complaint And The Clerk Has Entered Default

The initial complaint in this matter was filed on December 29, 2014 and was served on Parade on January 23, 2015.  Docket Nos. 1, 3.  Defendant did not respond.

On June 23, 2015, Plaintiff Carol Parker was substituted for the original named plaintiff, and an amended complaint (the "Complaint") was filed.  Docket

4

Nos. 6, 7.  Parade was served on August 11, 2015 and did not respond.  Docket No. 11.

On November 8, 2015, Plaintiff requested entry of default against Parade. Docket No. 14.  On November 9, 2015, the clerk entered default against Parade "for failure to plead or otherwise defend."  November 9, 2015 Docket Entry.

### 2.  The Complaint Establishes a Legitimate Cause of Action

The Complaint alleges that Plaintiff was misclassified as exempt from the overtime pay requirements of the FLSA and the NJWHL under the "executive exemption."   However, Plaintiff did not meet the executive exemption's requirements.   Plaintiff was not paid on a "salary basis" and did not have the authority to hire or fire other employees.

In order to be an exempted "executive" under the FLSA and the NJWHL, an employee must be (1) Compensated on a "salary basis" at a rate of not less than $455 per week; (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof; (3) Who customarily and regularly directs the work of two or more other employees; and (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.  *In re Enter. Rent-A-Car Wage & Hour Employment*

*Practices Litig.*, No. CIV. 07-1687, 2012 WL 2952364, at *11-12 (W.D. Pa. July 19, 2012) (citing 29 C.F.R. § 541.100(a)).

> An employee is paid on a salary basis
>
> "if the employee regularly receives each pay period ... a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). In other words, the employee "must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked." *Id.* Under that standard, employees "*who can be docked pay for missing a fraction of a workday* must be considered ... hourly." [citation omitted; emphasis added]. On the other hand, employees who receive a fixed, predetermined amount plus an amount that may be subject to deductions are generally not considered hourly employees.

*Sander v. Light Action, Inc.*, 525 F. App'x 147, 150 (3d Cir. 2013) (unpublished opinion).

Here, Plaintiff did not qualify as an exempt executive employee because she did not meet two of the four elements of the executive exemption.

*First*, Plaintiff was not compensated on a "salary basis." Plaintiff's pay was docked on many occasions for days that she reported for work. For instance, on many days, Plaintiff's restaurant closed early due to severe weather such as snow storms. Parker Dec. ¶7. Plaintiff's pay was reduced for those days as a result of closing early (which closing was done at the direction of upper management), and Parade had a general policy of docking pay for sick days. ¶20; Parker Dec. ¶10

Plaintiff's weekly pay also was docked for shortages in the cash register and decreases in the restaurant's revenue.  Parker Dec. ¶¶7, 13.

*Second*, Plaintiff did not have the authority to hire or fire employees, and her suggestions were not given any weight.  Plaintiff never hired employees, and the one time she attempted to fire an employee, the general manager of Plaintiff's restaurant rehired the employee.  Parker Dec. ¶11.

Accordingly, Plaintiff does not meet all elements of the executive exemption; she was therefore misclassified as an exempt employee and should have been paid at overtime rates for hours worked over 40 in a work week.

### B.    Plaintiff Is Entitled to Damages

In a default judgment, the court accepts as true all factual allegations stated in the pleadings, except those relating to damages.  *Galicia v. 63-68 Diner Corp.*, No. 13-CV-03689 PKC, 2015 WL 1469279, at *4 (E.D.N.Y. Mar. 30, 2015).  "[T]o secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish her damages with 'reasonable certainty.'"  *Tackie v. Keff Enterprises LLC*, No. 14-CV-2074 JPO, 2014 WL 4626229, at *1 (S.D.N.Y. Sept. 16, 2014).  "District courts have 'much discretion' to determine whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by 'detailed affidavits and documentary evidence.'"  *Id.*  (citation omitted); *see also City Select Auto Sales, Inc. v. David/Radall Associates, Inc.*, No.

CIV.A. 11-2658 JBS, 2015 WL 4507995, at *4 (D.N.J. July 23, 2015) (where "the movant seeks damages for a 'sum certain or for a sum which can by computation be made certain,' Fed.R.Civ.P. 55(b)(1), the Court may rely upon detailed affidavits, without further evidentiary inquiry.").

Here, Plaintiff's declaration states that she worked 50 hours per week for approximately one year.  Parker Dec. ¶¶2, 7.  Plaintiff was purportedly salaried at $557 per week for 50 hours of work and was not paid at overtime rates for hours worked over 40 in a work week.  Parker Dec. ¶7.

Based on these facts, Plaintiff's regular rate of pay is $11.14 per hour.  *See* 29 C.F.R. §778.113 ("If the employee is employed solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate.").

Thus, Plaintiff's overtime rate is $16.71 per hour, which is determined by multiplying her hourly rate of $11.14 by 1.5.  *See* 29 U.S.C. §207(a)(1)(requiring time-and-one-half pay for hours worked over 40 in a work week).

Here, Plaintiff was paid $11.14 per hour for each of the 50 hours per week that she worked.  However, she was not paid at time and one half for hours worked over 40 per week.  Parker Dec. ¶6.  Thus, Plaintiff is owed half-time pay ($5.57 per hour) for all hours worked over 40 in the year that she was an ASM.  Plaintiff

8

worked ten hours per week of overtime at her regular hourly rate, for one year (52 weeks), thus working 520 hours of overtime.  As a result, Plaintiff is entitled to $2,896.40 ($5.57 X 52 = $2,896.40) in back pay.

Plaintiff is also entitled to liquidated damages in the amount of 100% of her underpayment.  *See* 29 U.S.C. §216(b).  "Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages for violations of the FLSA's minimum wage and overtime provisions.  *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 504 (S.D.N.Y. 2015)(citation and quotation marks omitted).

The Court has discretion to award no liquidated damages if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act[.]"  29 U.S.C § 260 (West).  "The employer bears the burden of proving good faith and reasonableness, [and] the burden is a difficult one, with double damages being the norm and single damages the exception."  *Inclan.*, 95 F. Supp. 3d at 504.

"Where, as here, a defendant employer has defaulted, the court plainly cannot find that it has made the showing of good faith necessary to defeat an award of liquidated damages."  *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 91 n.10 (E.D.N.Y. 2011).

Accordingly, Plaintiff is entitled to liquidated damages of 100%, increasing her damages to $5,792.80.

## CONCLUSION

For all the foregoing reasons, and based on all pleadings and proceedings in this action, default judgment should be granted against Defendant.[3]

DATED:  February 11, 2016        **GARDY & NOTIS, LLP**

By: _/s/ Jennifer Sarnelli_____
Mark C. Gardy
Jennifer Sarnelli
Orin Kurtz (admitted *pro hac vice*)
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ 07632
Tel: (201) 567-7377
Fax: (201) 567-7337
mgardy@gardylaw.com
jsarnelli@gardylaw.com
okurtz@gardylaw.com

*Attorneys for Plaintiff*

---

[3]    If the within motion for default judgment is granted, Plaintiff intends to move for attorneys' fees and expenses as set forth in the Court's Local Rules.  *See* Local Civ. Rule 54.2 ("In all actions in which a counsel fee is allowed by the Court or permitted by statute, an attorney seeking compensation for services or reimbursement of necessary expenses shall file within 30 days of the entry of judgment or order, unless extended by the Court, a motion for fees and expenses in accordance with L. Civ. R. 7.1.").  Here, the FLSA and NJWHL each provide that a prevailing plaintiff is entitled to attorneys' fees and costs.  *See* 29 U.S.C. §216(b); N.J. Stat. Ann. § 34:11-56a (West).

## <u>CERTIFICATE OF SERVICE</u>

I, Jennifer Sarnelli, certify that on February 11, 2016, the within Notice

of Motion for Default Judgment, Memorandum of Law in Support of Motion for

Default Judgment, and Declaration of Carol Parker are being served on Defendant

Parade Enterprises, LLC by U.S. Mail at the following address:


105 White Oak Lane, Suite 201B
Old Bridge, NJ 08857


<u>/s/ *Jennifer Sarnelli*</u>

1